UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODOLFO MOREL, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    -against-<br><br>WHP MEZZ BORROWER LLC, NIEUW AMSTERDAM PROPERTY MANAGEMENT, LLC, GALIL REALTY LLC, and BRAD HERSH,<br><br>    Defendants. | Case No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff RODOLFO MOREL ("Plaintiff"), individually, and on behalf of others similarly situated, by and through his attorneys Fisher Taubenfeld LLP, alleges against Defendants WHP MEZZ BORROWER LLC ("WHP"), NIEUW AMSTERDAM PROPERTY MANAGEMENT, LLC ("New Amsterdam"), GALIL REALTY LLC ("Galil") and BRAD HERSH ("Hersh") as follows:

## NATURE OF THE ACTION

1. This is a putative collective action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendants for willfully failing to pay Plaintiff and a collective of similarly situated persons' wages at the applicable overtime rates.

2. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff and a class of similarly situated persons' wages at the applicable overtime rates and for willfully failing to proffer wage notice and wage statements to Plaintiff and the class that complied with NYLL, Art. 6, § 195.

3. By this action, Plaintiff, individually, and on behalf of the putative class and collective seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. 201 *et seq*.

5. This Court has supplemental jurisdiction over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. Plaintiff is a natural adult person.

8. Defendant WHP is a domestic business corporation organized and existing under the laws of the State of New York.

9. Defendant New Amsterdam is a domestic limited liability company organized and existing under the laws of the State of New York.

10. Defendant Galil is a domestic limited liability company organized and existing under the laws of the State of New York

11. At all times relevant hereto, each Defendant individually and collectively has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12. At all relevant times hereto, each Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

13. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

14. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

15. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff and the putative class and collective.

17. Upon information and belief Defendant Hersh is a principal and officer of the corporate Defendants.

18. Defendant Hersh manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

19. Plaintiff has been employed by Defendants to work as a superintendent within the last six (6) years.

20. Defendant Hersh is engaged in business in the City of New York, County of New York. Defendant Hersh is sued individually in his capacity as an owner, officer, employee, and/or agent of Defendants.

21. Defendant Hersh exercises sufficient operational control over Defendants' operations to be considered Plaintiff's employer under FLSA and NYLL.

22. During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

23. At all relevant times hereto, each Defendant has been Plaintiff and the putative class and collective employer within the meaning of the NYLL §§ 2 and 651.

24. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Wage and Hour Claims.

25. Plaintiff began working in 1993 as a building superintendent for the building located at 540 West 165th Street in Manhattan.

26. In and about 2016, Defendants purchased the building at which Plaintiff worked and Plaintiff continued to work as a building superintendent until May 3, 2021 after Defendants terminated his employment.

27. As of 2015, Plaintiff superintended a building that contained approximately 56 units.

28. Plaintiff's official schedule Monday through Friday was from 7:00 a.m. until 3:30 p.m. and Defendants directed him to clock in at 7:00 a.m. and clock out at 3:30 p.m.

29. However, three days a week Plaintiff generally started work at 6:00 a.m.

30. Plaintiff also often worked as late as 6:00 p.m. or often until 7:00 p.m. depending on the amount of work he had to do.

31. Plaintiff also regularly worked 4 or 5 hours combined on Saturday and Sunday.

32. At the end of Plaintiff's employment, Defendants paid him $600 per week, regardless of the number of hours he actually worked.

33. At no time during his employment did Defendants proffer a wage notice to Plaintiff in compliance with the NYLL, Art. 6, § 195.

34. Moreover, at no time during his employment did Defendants proffer wage statements to Plaintiff that complied with the NYLL, Art. 6, § 195.

### B. Plaintiff's Disability Discrimination Claims.

35. Defendants terminated Plaintiff because he needed to take time off because he contracted COVID-19.

36. On March 26, 2021, Plaintiff traveled to the Dominican Republic because his mother had passed away.

37. Plaintiff remained in the Dominican Republic for two weeks and then contracted COVID.

38. Plaintiff was hospitalized for 10 days with COVID and continued to recover after his discharge.

39. Plaintiff informed his employer that he was hospitalized with COVID and could not leave the Dominican Republic or return to work until he tested negative.

40. Plaintiff returned to the United States on May 2, 2021 and went back to work on May 3, 2021.

41. Defendants terminated Plaintiff's employment on May 5, 2021 because he contracted COVID and needed to take a reasonable accommodation.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings the First Cause of Action on behalf of himself and all other persons similarly situated who opt-in to this putative collective action

43. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from three (3) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek ("FLSA Collective").

44. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

45. Upon information and belief, FLSA Collective consists of at least 40 current and former building superintendents and/or employees with similar duties.

46. At all relevant times, Plaintiff and the FLSA Collective were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the FLSA Collective.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 FOR VIOLATIONS OF THE NYLL**

47. Plaintiff brings the Second through Fifth Causes of Action on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23.

48. Plaintiff seeks certification of this action as a class action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from six (6) years prior to the commencement of this action to present date who Defendants failed to

pay applicable overtime rates for hours worked over forty (40) in any given workweek and failed to proffer NYLL-compliant wage notice and wage statements. ("NYLL Class").

49. Upon information and belief, the NYLL Class consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

50. There are questions of law and fact common to the NYLL Class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and the NYLL Class by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

51. The claims of Plaintiff are typical of the claims of the NYLL Class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

52. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class, in that his interests are not adverse to the interests of the other members of the class.

53. Plaintiff has retained counsel competent in class action and wage and hour litigation.

54. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

## FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. During the applicable statute of limitations period, Plaintiff and the FLSA Collective regularly worked more than 40 hours in a given work week for Defendants.

57. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the FLSA Collective's wages at the applicable overtime rate for all hours

worked over 40 in a given work week and willfully failed to record and maintain Plaintiff and the FLSA Collective's accurate timekeeping records, in violation of the FLSA.

58. As a result, Plaintiff and the FLSA Collective seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### NYLL Overtime Wage Violations

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendants.

61. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

62. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### NYLL Minimum Wage Violations

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked for Defendants.

65. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the NYLL Class wages at the applicable minimum wage rate for all hours worked over 40 in a given work week in violation of the NYLL.

66. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**NYLL Wage Notice Violations**

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

69. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
**NYLL Wage Statement Violations**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage statements to Plaintiff or the NYLL Class pursuant to § 195(3) of the NYLL.

72. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**Impairment Termination**
**On the Basis of Disability**
**In Violation of City Law**

73. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

74. By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of City Law.

75. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

76. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SEVENTH CLAIM FOR RELIEF
### Retaliatory Termination
### On the Basis of Disability
### In Violation of City Law

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

78. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of City Law.

79. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

80. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## EIGHTH CLAIM FOR RELIEF
### Failure to Provide a
### Reasonable Accommodation
### In Violation of the NYCHRL

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

82. By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of NYCHRL.

83. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

84. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the retaliatory and discriminatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained by Plaintiff because of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: January 11, 2022
New York, New York

              Respectfully submitted,

By: *Michael Taubenfeld*
   Michael Taubenfeld, Esq.
   FISHER TAUBENFELD LLP
   225 Broadway, Suite 1700
   New York, New York 10007
   Phone: (212) 571-0700
   Facsimile: (212) 233-3801
   *ATTORNEYS FOR PLAINTIFF*