# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

October 28, 2022

**VIA ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Morel v. WHP Mezz Borrower LLC et al.
Case No.: 22-cv-267 (LGS)(SN)

Dear Judge Netburn:

We represent Plaintiff in the above-referenced matter. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' settlement agreement, along with an executed stipulation of dismissal.

### 1. Procedural History and Background to the Settlement.

Plaintiff has alleged that Defendants violated the Fair Labor Standards Act and New York Labor Law. Plaintiff Rodolfo Morel worked as a building superintendent at 540 West 165th Street in Manhattan. Plaintiff alleges that his job responsibilities required him to work all seven days for approximately 68 hours a week. Nevertheless, Plaintiff claims that Defendants only paid him for 40 hours at a flat weekly salary of $600. Plaintiff further alleges that Defendants unlawfully did not provide a wage notice to him or paystubs that recorded the correct hours he worked. Plaintiff calculated his unpaid overtime to total $76,140.00 and an additional $10,000 for not receiving paystubs or wage notices.

Defendants, however, dispute Plaintiff's hours and claim that he worked far fewer hours than he alleges. Defendants provided time records in discovery that appear to show that Plaintiff worked far fewer hours than he alleged. Calculations based on Defendants' records reflect that Plaintiff is entitled to no more than $6,111.70. Defendants also argue that Plaintiff was exempt under the NYLL therefore was not entitled to assert a claim under NYLL§ 195.

Separately, Plaintiff alleged that Defendants also violated the New York City Human Rights Law (NYCHRL) by terminating Plaintiff for taking medical leave. In late March 2021, Plaintiff traveled to the Dominican Republic because his mother passed away. While

there, Plaintiff contracted COVID and had to be hospitalized. Plaintiff informed Defendants of his diagnosis and that he would not be able to travel until he tested negative. Ultimately, Plaintiff returned to work on May 2, 2021 but Defendants terminated him on May 5, 2021. Plaintiff asserted damages totaling approximately $80,000 for this claim. Defendants, however, assert that they made the decision to terminate Plaintiff for poor performance before he became ill with COVID and therefore did not discriminate against him.

### 2. The Settlement is Fair and Reasonable.

After pre-mediation discovery, and at the end of two mediation sessions through the Court's mediation program, the parties reached an agreement to resolve all claims for $62,500.00 paid over 6 months. Under the settlement agreement, Plaintiff will receive $41,228.67 and my firm will receive $20,614.33 in fees, which is one-third of the settlement net of costs, and $657.00 in costs, which is comprised of the $402 filing fee and $255 in service costs.

Under the agreement, the parties agree to a mutual general release of all claims. Courts in this District have approved mutual general releases in FLSA settlements where, as here, the plaintiff is no longer employed by the defendant. Strauss v. Little Fish Corp., No. 19-CV-10158 (LJL), 2020 WL 4041511, at *6 (S.D.N.Y. July 17, 2020) (citing cases). Plaintiff also agreed to a nondisparagement provision with an exception for truthful statements regarding his case, and courts regularly approve such provisions. Cegueda-Juarez v. Cleanwear USA 2, Inc., No. 18 CIV. 1604 (PAC), 2019 WL 5485253, at *4 (S.D.N.Y. Oct. 25, 2019). In exchange, Defendants agreed to provide a neutral reference to prospective employers. Finally, there is a provision prohibiting Plaintiff from returning to the building. Plaintiff has no intention or reason to return to the building, and this provision allows for the parties to have a clean break.[1]

The amount and payout of the agreement is fair and reasonable. Plaintiff is receiving 51% of his best-case unpaid overtime damages and almost 7 times the unpaid overtime damages calculated based on Defendants' records. This settlement is very reasonable. Should Plaintiff proceed with this litigation, he would be taking a risk because Defendants have asserted substantial defenses. As noted above, Defendants maintained pay and time records during his employment, and Plaintiff will have to rebut those records to be successful. If the Court were to accept Defendants' defenses, Plaintiff would receive substantially less than what he is receiving under the settlement. In addition, Plaintiff would likely have to wait years to recover that amount. Further, Plaintiff's NYCHRL claim, while significant, is risky because Defendants claim they will testify that they terminated Plaintiff before he contracted COVID. Accordingly, the settlement is fair and reasonable.

Finally, the attorneys' fees are fair and reasonable as well. My firm will be receiving $20,614.33 in fees, which is one-third of the settlement, and $657.00 in costs. Courts in this Circuit regularly approve settlements of one-third or less. See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL

---

[1] Under the Agreement, should the Court find that any of these provisions are unacceptable, it can sever or modify them in accordance with Cheeks. See, Paragraph 21.

3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")  Fees and costs are therefore warranted.

  We greatly appreciate the Court's attention to this matter.

                Respectfully Submitted,
                --------------/s/------------
                Michael Taubenfeld

Encl.